Caldwell, J.
There is no controversy in this case, as to the title to the land. Catharine Glick was entitled, in her own. right, without any conveyance, to the one-third of 54 acres, as well as of the whole tract, and the conveyance by her brothers vested in her and her husband in equal portions the remaining two-thirds. The deed from Nathaniel Glick to the defendants, then, although purporting to convey the entire property, only conveys the one-third, and the complainants inherit from their mother the remaining two-thirds. The defendants claim that they purchased the property in good faith, that Glick had been living on it for some time, *65 claiming it as his own, that they supposed him to be the owner of the entire property, and had a perfect right to convey it, that they took a deed from him and his then wife, and that when they made the improvements on it, they considered themselves bona fide the sole owners, and that, being thus situated, they are entitled to the benefit of the occupying claimant’s law, for the value of the improvements which they have put on the property. The complainants deny that the defendants can avail themselves of the provisions of that law, and on this question the principal controversy has arisen.
On account of the ambiguous phraseology of the statute, it is difficult to arrive at any satisfactory conclusion on the subject.
A part of the first section of that act reads as follows: “ That in all cases where any occupying claimant, being in quiet possession of any lands or tenements, for which such person can show a plain and connected title, in law or equity, derived from the records of some public office ; or being in quiet possession of, and holding the same by deed, devise, descent, contract, bond, or agreement, from and under any person claiming title, as aforesaid, derived from the records of some public office, or by deed duly authenticated and recorded; or being in .quiet possession of, and holding the same under sale on execution, against any person claiming title as aforesaid, derived from the records of some public office, or by deed duly authenticated and recorded,” etc.
Now whether the meaning of the statute is, that a person, to be entitled to the benefit of the act for the relief of occupying claimants, should derive his title from some person who has derived it in some of the various ways enumerated, and whether the phrase “ by deed duly authenticated and recorded,” refers to a deed to a claimant himself, or his grantor, is very difficult to determine. It will read either way. . Difficulties present themselves to either reading. The punctuation would favor the application to the grantor. Still we do not think such construction consistent with the general *66 intention and object of the statute. The defect in the grantor’s deed may be the cause of the claimant losing his land, and yet the hardship to him be as great, his equity may be as good, as if the property had passed through several formal conveyances. The statute would certainly fall far short of granting the relief required, if it did not extend to a party who had purchased in good faith, resided on the property any length of time short of the period named in the statute of limitations, and made valuable improvements, supposing himself the real owner of the property, merely because his grantor’s deed was not formally executed. The general intention of the statute is to afford relief to those who have purchased in good faith, gone into quiet possession, and whilst in possession, believing themselves the rightful owners of the property, have made improvements which have enhanced the value of the land.
Nothing is more equitable, and necessary to the proper administration of justice, than that when the party thus situated has given up the possession on account of some defect in his title, he should receive the value of the improvements that he has honestly made, and is compelled to leave on the property. Where there is doubt in the construction of a statute such as this, it is certainly the duty of the court to give it such construction as will best carfy out the general objects intended by its passage. In this case the claimants purchased the land, so far as we can ascertain, in good faith ; they gave a fair price for it; they purchased from one in possession.
It is set up in the answer, that a portion of the purchase money is still unpaid, for which the administrator of Glick holds the notes of defendants, and it is asked, that the defendants be released from the payment of these notes, or so much thereof as may correspond with the price of the land, the title to which has failed. This would certainly be equitable, but as the pleadings stand, we suppose that we cannot inquire into that matter. The defendants have merely referred to it in their answer, without presenting it in the form of a cross bill.
*67 A decree may be taken for a partition of the premises, allowing to the defendants the benefit of the occupying claimant law.